CHARLES BACON MOORE, PETITIONER, v. E. B. BADGER
& SON, RESPONDENT.

Argued June 1, 1942—Decided July 6, 1942.

Before Justice DONGES, at chambers.

For the rule, *Cole & Cole* and *Wilbur A. Bishop.*

*Contra, Samuel T. French* and *Howard L. Miller.*

DONGES, J. This is a compensation case.

On February 21st, 1942, the Bureau entered a determination, on which judgment was entered in favor of the petitioner and against respondent. No appeal was taken from the judgment of the Bureau. No part of the judgment was paid prior to the docketing of the judgment in the Camden County Common Pleas Court, on March 25th, 1942, pursuant to *R. S.* 34:15-58. On March 27th, 1942, the judgment was docketed in the Supreme Court, and on March 28th, 1942, an order was signed by me directing that the sum of $3,945.33 was due and owing and that, no part thereof having been paid, execution issue out of the Supreme Court for the entire amount. *R. S.* 34:15-66.1. Some time in the latter part of March, respondent tendered checks for payments on account of the judgment.

Application is now made to vacate the order of March 28th, 1942, on the ground that *R. S.* 34:15-66.1 applies only to judgments entered in pursuance of the provisions of *R. S.* 34:15-66, which is the section providing for appeals from the

Bureau to the Common Pleas. This appears to be so. The section reads: "any judgment entered in a court of common pleas pursuant to the provisions of section 34:15-66 of this title may be docketed in the supreme court and thenceforward operate as a judgment recovered in that court. Upon failure to comply with the original order for compensation the court may order that the entire amount of compensation shall become due immediately, and execution may issue upon proof of such failure for the entire amount of compensation, without discount or commutation. Supplementary proceedings in aid of execution may be resorted to upon a judgment so docketed and becoming due in whole, as in any other case."

The judgment was not entered pursuant to section 34:15-66 but pursuant to section 34:15-58, which prescribes the method of procedure. By the terms of paragraph 66.1, the remedy therein provided is limited to judgments entered pursuant to paragraph 66. As stated, the remedy for collection where the judgment is entered pursuant to paragraph 58 of the section is set forth therein.

Petitioner relies upon the case of *Heldrich* v. *American Incubator Manufacturing Co. et al.*, 104 *N. J. L.* 492, where the relief now sought was granted in a case similar to the present one. But that case was determined prior to the adoption of the Revised Statutes of 1937 at a time when the relief sought was not limited as it now plainly is by the language of section 34:15-66.1.

It follows that the order of March 28th, 1942, was improvidently entered and should be vacated, without costs.